UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GONZALO CORNELIO, *individually and on behalf of others similarly situated,*<br><br>　　　　　　　　　　*Plaintiff,*<br><br>　　　-against-<br><br>AMEER FOOD CORP. (D/B/A AMEER FOOD CORP.), ZACK ABDO, and ADMAN ISMAIL,<br><br>　　　　　　　　　　*Defendants*. | Case No. 1:22-cv-02252 (GHW)<br><br>**DECLARATION OF FRANK J PALERMO, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT** |

　　　　Frank J. Palermo, an attorney duly admitted to practice in New York and this Court, affirms under penalty of perjury pursuant to 28 U.S.C. Section 1746, as follows:

**I.　　PRELIMINARY STATEMENT**

　　　　1.　　I am an associate attorney of CSM Legal, P.C., which represents Plaintiff Gonzalo Cornelio ("Plaintiff") in this lawsuit for violation of minimum and overtime wage laws, wage notice and statement violations, liquidated damages, prejudgment interest, and attorneys' fees and costs under the federal Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and implementing regulations.

　　　　2.　　I submit this declaration in support of Plaintiff's application for a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b) and the Court's Individual Rules of Practice Default Judgment Procedure.

　　　　3.　　Plaintiff properly served Ameer Food Corp. (D/B/A Ameer Food Corp.), Zack Abdo, and Adman Ismail (collectively, "Defendants"). Defendants failed to appear, plead file an answer, or otherwise defend this action. Accordingly, Plaintiff is entitled to default judgment.

**II.　　RELEVANT PROCEDURAL HISTORY**

4.     On March 18, 2022, Plaintiff commenced his action against Defendants by filing the Complaint (ECF Doc. No. 1, a copy of which is attached hereto as **Exhibit A**). Summonses were subsequently issued as to each of the Defendants (see ECF Doc. Nos. 6-8).

5.     Defendant Ameer Food Corp. (D/B/A Ameer Food Corp.) was served with the Complaint on March 31, 2022 by personally serving Nancy Dougherty, an authorized agent in the office of the Secretary of New York pursuant to N.Y. C.P.L.R. § 311(a)(1) and N.Y. B.C.L. § 306(b)(1). A copy of the Affidavit of Service (ECF Doc. No. 12) attesting to such service of the Complaint is attached hereto as **Exhibit B**.

6.     As alluded to by the Court in the caption to ECF Docket Entry No. 12, pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the Answer (or motion with respect to the Complaint) of Ameer Food Corp. was due no later than April 21, 2022.

7.     To date, Ameer Food Corp. has not filed an Answer or otherwise moved with respect to the Complaint.

8.     On January 31, 2023, at Plaintiff's request, the Clerk of Court issued a Certificate of Default against Ameer Food Corp. See ECF Doc. No. 40, a copy of which is attached hereto as **Exhibit C**.

9.     Defendant Adman Ismail was served with the Summons and Complaint on or about July 23, 2022, via Nail and Mail by affixing a copy of the Summons and Complaint to the door of Mr. Ismail's actual place of business and mailing same to Mr. Ismail's primary place of business, located at 742 Saint Nicholas Avenue, Apt. 4, New York, NY 10031. A copy of the Affidavit of Service attesting to such service of the Complaint upon Mr. Ismail (ECF Doc. No. 15) is attached hereto as **Exhibit D**.

10. As alluded to by the Court in the caption to ECF Docket Entry No. 15, pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the Answer (or motion with respect to the Complaint) of Mr. Ismail was due no later than August 15, 2022.

11. To date, Mr. Ismail has not filed an Answer or otherwise moved with respect to the Complaint.

12. On January 20, 2023, at Plaintiff's request, the Clerk of Court issued a Certificate of Default against Mr. Ismail. See ECF Doc. No. 32, a copy of which is attached hereto as **Exhibit E**.

13. Defendant Zack Abdo was served with the Summons and Complaint on or about July 26, 2022, via Nail and Mail by affixing a copy of the Summons and Complaint to the door of Mr. Abdo's actual place of residence and mailing same to Mr. Abdo's actual place of residence, located at 422 Troy Schenectady Rd. Latham, NY 12110. A copy of the Affidavit of Service attesting to such service of the Complaint upon Mr. Abdo (ECF Doc. No. 16) is attached hereto as **Exhibit F**.

14. As alluded to by the Court in the caption to ECF Docket Entry No. 16, pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the Answer (or motion with respect to the Complaint) of Mr. Abdo was due no later than August 16, 2022.

15. To date, Mr. Abdo has not filed an Answer or otherwise moved with respect to the Complaint.

16. On January 20, 2023, at Plaintiff's request, the Clerk of Court issued a Certificate of Default against Mr. Abdo. See ECF Doc. No. 33, a copy of which is attached hereto as **Exhibit G**.

   **III.   PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT**

17. It is well settled that defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted). Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired. Thus, Plaintiff's allegations asserted in the Complaint are unchallenged, and consequently the Complaint establishes Plaintiff's right to default judgment.

18. Default judgment is sought against all Defendants.

19. As explained in the Memorandum of Law filed herewith, the unrebutted Complaint properly established each element of each of the causes of action pled in the Complaint.

## IV. THE PROPOSED DAMAGES AND THE BASIS FOR EACH ELEMENT OF DAMAGES, INCLUDING INTEREST, ATTORNEY'S FEES, AND COSTS

20. With respect to damages, the record supports an award to Plaintiff of back pay under the FLSA and applicable New York law; mandatory liquidated damages under the New York Labor Law; and costs and attorneys' fees pursuant to the FLSA and New York Law.

21. A spreadsheet, detailing the amount of money Defendants owe Plaintiff, with attached explanation of the damages calculations contained therein, is attached hereto as **Exhibit H**.

22. The damages amounts shown in the accompanying spreadsheet (**Exhibit H**) are calculated as follows:

### A. Minimum Wage and Overtime

23. Since July 24, 2009, the minimum wage rate under the FLSA was $7.25 per hour. 29 U.S.C. § 206(a)(1). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour in excess of forty hours per week. 12 N.Y.C.R.R. § 142-2.2. As of December 31, 2016, the New York Minimum wage rate for small employers in New York City was $10.50 per hour; it further increased to $12.00 per hour as of December 31, 2017; it further increased to $13.50 per hour as of December 31, 2018; it further increased to $15.00 per hour as of December 31, 2019. 12 N.Y.C.R.R. 142-2.1.

24. 29 C.F.R. § 776.5 provides that required minimum wages and overtime are not dependent on the method of compensation of employees. That is, regardless of whether an employee is paid on piecework, hourly, commission, or other basis, the employee must be paid the equivalent of the required minimum wage rate and overtime rate for hours worked. Unpaid wages for each period are calculated as the difference between the lawfully required pay per week and the employee's actual pay per week, times the number of weeks in each time period.

25. The actual overtime rate is 1.5 times the actual regular rate. 29 C.F.R. § 778.107.

B. **Violation of Wage Notice and Statement Requirements**

26. Plaintiff is entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000. NYLL §§ 195 and 198.

C. **Liquidated damages**

27. Liquidated damages are calculated at the rate of 100% under both the FLSA and NYLL. *See* 29 U.S.C. §216(b); N.Y. Lab. Law §663(1).

D. **Prejudgment interest**

28. Prejudgment interest is calculated from a reasonable intermediate date at the rate of nine percent (9%) per annum simple interest. N.Y. C.P.L.R. § 5004.

### E. Base Data within the Chart

29. In the damages chart, the Plaintiff's wage and hour damages (including overtime wage damages and liquidated damages) are calculated in segments of time, broken into "Pay Periods." Each pay period calculates the number of weeks in each period ("No. of Weeks in Pay Period"), and lists the number of hours worked per week in each period ("Hours Per Week in Period). The applicable minimum wage data, and associated overtime rate, are included as applicable for each pay period. Then there is a column for Paid Wages, the first column calculates the "regular rate of pay" for each period by dividing the amount actually paid each week to Plaintiff (the "Credited Weekly Pay") for each period, then dividing that amount by the "Hours Per Week in Period".[1] The overtime rate is calculated using a 1.5 multiplier for time and a half overtime calculation later in the chart. The "Credited Weekly Pay" is the amount of money actually paid and is based upon the Plaintiff's affidavit.

30. *Calculations within the Chart* – The "Lawful Weekly Pay" column of the chart calculates what the Plaintiff should have been paid per week during each pay period. The actual formula used in this column is as follows: ((greater of minimum wage or calculated base pay) * (Hours Per Week up to 40) + ((greater time and a half rate) * (Hours Per Week over forty, if any)).

31. The chart therefore automatically determines whether the effective calculated base rate of pay falls below the minimum wage, and if it does, it discards it. If it does not, it uses it for the subsequent calculations (as the Plaintiffs are entitled to earn at least the minimum wage). The chart then automatically calculates what the hours should have been compensated at under the base

---

1 Where Plaintiff is paid a fixed weekly salary, the regular rate is determined by dividing the total salary by 40 hours, as discussed earlier.

rate of pay up to the first 40 hours of work per week, and then at time-and-a-half pay for any hours over 40. The Chart then subtracts the amount actually paid to the Plaintiff (the "Credited Weekly Pay") and then derives the "Underpayment per Week." This number is then multiplied by the number of weeks in each period and derives the total damages due for unpaid minimum wages and overtime for each period ("Unpaid Wages & OT"). The Chart then applies the liquidated damages provisions of the NYLL to the "Unpaid Wages and OT" automatically in the "Liq. Damages on Wages & OT" by 25% for damages occurring prior to April 9, 2011 and 100% for any subsequent damages.

32. *Total damages* – The resulting damages are totaled from each individual period's damage amounts for the sum of unpaid minimum wages, unpaid overtime wages, and liquidated damages on unpaid minimum and overtime wages. The total damages summarizes the damages Plaintiff seeks in the action, excluding attorneys' fees and costs.

F. **Costs and fees**

33. A breakdown of attorneys' fees and costs incurred in filing and serving the Complaint and seeking default, in the form of this firm's standard billing sheet is attached hereto as **Exhibit K**. The Plaintiff is also entitled to recover costs and reasonable attorneys' fees. Frank J. Palermo and Clela A. Errington are the attorneys who worked on the case.

  a. Frank J. Palermo ("FP"), an associate attorney of CSM Legal, PC, graduated with a J.D. from Pennsylvania State University – Dickinson School of Law in 2017. Prior to joining CSM Legal, PC in March 2022, he focused his practice in personal injury and construction accidents as an associate at Jonathan D'Agostino & Associates. His work is billed at a rate of $350 per hour.

  b. Clela A. Errington ("CE") was an associate at CSM Legal, P.C. and worked on this action. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., Michael Faillace

      & Associates in 2020, and then CSM Legal in 2021. Her work was billed at the rate of $350 per hour.

    c. Work performed by paralegals ("PL") are billed at the rate of $125 per hour.

34. Prejudgment interest continues to run and should ultimately be computed through the date judgment is entered.

35. As shown in the accompanying memorandum of law, no inquest is necessary when, as in the present case, the Court has the proper measure of damages and evidence submitted by the Plaintiff that allows damages to be calculated with reasonable certainty. The computation of damages in accordance with the methods described above is set forth in the accompanying spreadsheet (**Exhibit H**).

36. No part of the judgment sought has been paid.

37. Sufficient definitive information and documentation is provided such that the amount provided for in the proposed judgment can be calculated, based upon allegations contained in the Complaint, and supplemented by the Plaintiff's declaration accompanying these motion papers.

38. Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

39. The calculations made in arriving at the proposed judgment amount are set forth in both the explanation above, and in the damages chart itself.

40. A proposed judgment is attached hereto as **Exhibit J**.

41. For the reasons stated above and in the accompanying declaration and exhibits, the Plaintiff's motion for a default judgment should be granted.

42. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Date: February 2, 2023

/s/ Frank Palermo
Frank J. Palermo, Esq.
CSM Legal, P.C.
60 East 42nd Street Suite 4510
New York, NY 10165
(212) 317-1200
frank@csm-legal.com
*Attorneys for Plaintiff*